11-2570-ag
Hu v. Holder

BIA
A073 572 721

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

JIAN XI HU,
>        *Petitioner,*

>        v.                                              11-2570-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Don G. Scroggin, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Xi Hu, a native and citizen of the People's Republic of China, seeks review of a June 8, 2011 decision of the BIA denying her motion to reopen. *In re Jian Xi Hu*, No. A073 572 721 (B.I.A. June 8, 2011). We review the BIA's denial of such a motion for abuse of discretion, mindful of the Supreme Court's admonition that such "motions . . . are disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts and the procedural history of this case.

Hu first argues that the BIA erred in concluding that her motion to reopen was untimely. We are not persuaded. Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C.

§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Hu's March 23, 2011 motion to reopen was untimely because the BIA issued its final order of removal on October 24, 2002. However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Although Hu submitted articles and reports describing government harassment, arrest, and interrogation of members of underground churches in China, the BIA concluded that those materials did not describe a change in country conditions since Hu's January 2000 hearing*. See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (comparing "the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Substantial evidence supports that conclusion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (applying substantial evidence standard to

3

agency's reliance on background materials to find no material change in country conditions).  Indeed, a 1998 U.S. State Department Report on conditions in China that Hu submitted to the immigration judge ("IJ") in January 2000 reflects that, by that time, the Chinese government already had a policy of repressing unregistered church activity, that unregistered religious groups had been "hard hit" in many provinces, and that the government had targeted the members and leaders of unregistered underground Christian churches for persecution, including through surveillance, detentions, arrests, and property destruction.  Thus, the agency did not abuse its discretion in denying Hu's motion to reopen as untimely.

Hu further contends that the BIA abused its discretion in declining to reopen her case based on the alleged bias of the IJ.  To the extent Hu appears to challenge the BIA's decision not to reopen her case *sua sponte* under 8 C.F.R. § 1003.2(a), we lack jurisdiction to review the claim because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  Moreover, insofar as the BIA construed Hu's motion as one seeking remand based on the IJ's alleged bias, the BIA did not abuse its discretion in declining to remand on that ground.  *See*

4

*Li Yong Cao v. U.S Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (stating that abuse of discretion may be found only where BIA's "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements" (internal quotation marks omitted)).

As the BIA properly concluded, Hu's reliance on *Islam v. Gonzales*, 469 F.3d 53 (2d Cir. 2006), is misplaced. In *Islam*, the BIA adopted and affirmed a decision by IJ Jeffrey S. Chase, the same IJ who denied Hu's application. *See id.* at 54-55. We remanded the BIA's decision because we identified specific instances of IJ Chase badgering, interrupting, and sparring with the petitioner, all of which combined to "create[] an atmosphere in which it might have been difficult for [the petitioner] to advocate fully on his own behalf," *id.* at 56, such that there was "substantial uncertainty as to whether the record below was fairly and reliably developed," *id*. Although IJ Chase's comments in this case regarding Chinese asylum applicants may well have been inappropriate, there is no indication that the record at Hu's January 2000 hearing was anything other than fairly and reliably developed, or that the IJ was biased against Hu, or that he interfered with her or her counsel's ability to advocate on her behalf.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6